OPINION
{¶ 1} Plaintiff-appellee, Beaver Adhesives, Inc. ("Beaver"), manufactures and sells water-based packaging adhesives. (W.S. Beaver depo. at 8.) On September 9, 1981, Beaver and defendant-appellant, Ashland Chemical Company, a Division of Ashland Oil, Inc., now known as Ashland, Inc. ("Ashland"), entered into a contract entitled "Toll Processing Agreement" ("Agreement"). Under the Agreement, Beaver agreed to produce, label and ship Ashland's Isoset Adhesive, and Ashland supplied the toluene and raw materials and the formulae, specifications and instructions.[1] (W.S. Beaver depo. at 10.) The agreement provided, in pertinent part, as follows:
8.3: Ashland accepts sole responsibility for the formulae and specifications pursuant to which Processor [Beaver] manufactures the Product; and Ashland hereby agrees to defend, indemnify and hold harmless Processor, its officers, agents, servants and employees from and against all claims, loss, costs, expenses or damages, including court costs and reasonable attorneys' fees, incurred or sustained by them, or any of them, as a result of injury to persons or damage to property in connection with, or arising out of, or occurring from the formulae, specifications and instructions furnished to Processor by Ashland
8.4(a): Processor accepts sole responsibility for personal injury or property damage resulting from Processor's failure to comply with Ashland's instructions in the performance of all work covered by this Agreement and for compliance with all of the terms and conditions hereof; and Processor hereby agrees to defend, indemnify and hold harmless Ashland, its officers, agents, servants and employees from and against all claims, loss, costs, expenses or damages, including court costs and reasonable attorneys' fees, incurred or sustained by them or any of them, as a result of injury to persons or damage to property other than as provided below in connection with or arising out of Processor's negligence, or failure to follow Ashland's instructions.
8.4(b) Further, Processor assumes responsibility and liability for all claims (including claims by Processor's employees but excluding set forth below) arising from Processor's improper use, handling, storage and processing of Raw Materials or Product; and Processor hereby likewise agrees at its expense, to defend, indemnify and hold harmless Ashland from and against such claims. This section shall be limited to claims against Ashland by Processor or Processor's employees or third parties having claims not relating to Product shipped (e.g.) EPA.
 {¶ 2} Beaver was sued in an action entitled McBrayer v.Laidlaw Environmental Serv. (WT), Inc. in the Franklin County Court of Common Pleas, case No. 97CVC01-2057 ("McBrayer lawsuit"). The McBrayer plaintiffs are a family living in Hilliard, whose sons had attended Beacon Elementary School, which is located across the street from Beaver. The sons were diagnosed with environmental illness; Multiple Chemical Sensitivity Disorder, including abnormal sensitivity to various volatile organic chemicals; auto-immune system disorders and elevated levels of various heavy metals in their bodies allegedly as the result of emissions from Beaver and three other corporations. The McBrayer complaint alleged negligence, an intentional tort, intentional, negligent, wanton, reckless and flagrant misconduct in releasing numerous irritating, hazardous and toxic dusts, chemicals, pollutants and contaminants and negligent and intentional infliction of serious emotional distress. The McBrayers sought compensatory damages, punitive damages, attorney fees, expert fees and costs.
 {¶ 3} Beaver requested that Ashland defend it and Ashland refused. Beaver filed this declaratory judgment action in the Franklin County Court of Common Pleas asserting that the Agreement required Ashland to defend, indemnify and hold Beaver harmless from the claims asserted against Beaver in the McBrayer lawsuit and seeking damages in the amount it had already expended defending against the McBrayer lawsuit.
 {¶ 4} Ashland filed an answer and counterclaim alleging breach of contract because Beaver had a duty to defend and indemnify Ashland for actions arising out of Beaver's negligence. The trial court noted that Ashland is not currently a party to the McBrayer lawsuit, and the McBrayer lawsuit was stayed due to the bankruptcy of one of the defendants. (See Jan. 23, 2003 Decision, fn 1.) Beaver filed a motion for partial summary judgment, and Ashland filed a motion for summary judgment asserting that it had no duty to defend and indemnify Beaver because the allegations were the result of Beaver's negligence and that Beaver had a duty to defend and indemnify Ashland in the McBrayer lawsuit.
 {¶ 5} The trial court initially overruled both motions for summary judgment, finding that some of the allegations from the McBrayer lawsuit against Beaver trigger the duty to defend found in Section 8.3 of the Agreement. However, some of the allegations trigger the assumption of liability and responsibility, including the duties to defend and indemnify found in Sections 8.4(a) and 8.4(b) of the Agreement. Therefore, since the complaint in the McBrayer lawsuit implicates both Beaver's and Ashland's duties to defend and indemnify under the Agreement, the court could not find, as a matter of law, that all claims subject of the McBrayer lawsuit must be defended solely by Beaver or Ashland
 {¶ 6} Beaver filed a motion for reconsideration of the trial court's decision overruling its motion for partial summary judgment, arguing that since the trial court had determined that some of the allegations in the McBrayer complaint triggered Ashland's duty to defend, Ashland had breached the Agreement and Beaver is entitled to partial summary judgment. Ashland also filed a motion for reconsideration arguing that the only claim pending in the McBrayer lawsuit was one for negligence because the other claims had been dismissed, thus, Ashland had no duty to defend.
 {¶ 7} The trial court sustained Beaver's motion for reconsideration and sustained its motion for partial summary judgment finding that Ashland's duty to defend was triggered by some of the allegations in the McBrayer complaint, and referred the matter to a magistrate for a determination of damages. The trial court also overruled Ashland's motion for reconsideration as moot. The trial court then revised its entry adding Civ.R. 54(B) language.
 {¶ 8} Ashland filed a notice of appeal and raised the following assignment of error:
The court of common pleas erred by denying Ashland's motion for summary judgment and granting Beaver Adhesives' motion for summary judgment.
 {¶ 9} Beaver filed a motion to dismiss for lack of a final appealable order but then withdrew the motion at oral argument. Despite the fact that the motion was withdrawn, before addressing the assignment of error, we must determine whether this order constitutes a final appealable order, as this court may entertain only those appeals from final judgments or orders. Noble v.Colwell (1989), 44 Ohio St.3d 92. A final order is statutorily defined by R.C. 2505.02(B), which provides as follows:
An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
(3) An order that vacates or sets aside a judgment or grants a new trial;
(4) An order that grants or denies a provisional remedy * * *:
* * *
(5) An order that determines that an action may or may not be maintained as a class action.
 {¶ 10} An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B) are met. Chef Italiano Corp. v. Kent State Univ.
(1989), 44 Ohio St.3d 86, syllabus. Civ.R. 54(B) provides, as follows:
When more than one claim for relief is presented in an action * * * whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
However, an order that is not final cannot be rendered final, merely by the addition of Civ.R. 54(B) language. Noble, at 96;Fireman's Fund Ins. Co. v. BPS Co. (1982), 4 Ohio App.3d 3, 4.
 {¶ 11} In the syllabus of General Acc. Ins. Co. v. Ins. Co.of N. America (1989), 44 Ohio St.3d 17, the Supreme Court of Ohio determined that a declaratory judgment action is a special proceeding pursuant to R.C. 2505.02 and, therefore, an order entered therein which affects a substantial right is a final appealable order. The court also determined that the duty to defend involves a substantial right to both the insured and the insurer.
 {¶ 12} Although the trial court had referred the matter to a magistrate to determine damages, the trial court did add Civ.R. 54(B) language that there was no just reason for delay. Thus, the requirements of both R.C. 2505.02 and Civ.R. 54(B) are met in this case and the order is final.
 {¶ 13} By the assignment of error, Ashland contends that the trial court erred by denying Ashland's motion for summary judgment and granting Beaver's motion for partial summary judgment. To prevail on a motion for summary judgment, the moving party must demonstrate that, when the evidence is construed most strongly in favor of the nonmoving party, no genuine issue of material fact remains to be litigated and that it is entitled to judgment as a matter of law. Civ.R. 56(C); Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Williams v. First United Church of Christ
(1974), 37 Ohio St.2d 150, 151. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the nonmoving party. Murphyv. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 14} When an appellate court reviews a trial court's disposition of a summary judgment motion, the appellate court applies the same standard as applied by the trial court. Maustv. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107. An appellate court's review of a summary judgment disposition is independent and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the evidence in accordance with the standard set forth in Civ.R. 56, as well as the applicable law. Murphy.
 {¶ 15} Beaver argues that some of the allegations in the McBrayer complaint are "in connection with, or arising out of, or occurring from the formulae, specifications and instructions furnished to Processor [Beaver] by Ashland" (section 8.3) and thus Ashland has a duty to defend Beaver. An expert in the McBrayer lawsuit identified toluene as the specific chemical released by Beaver that allegedly cause the McBrayers' harm. Beaver's Operations Manager submitted an affidavit and stated that the only toluene used by Beaver was in manufacturing for Ashland using the formulae, specifications and instructions furnished by Ashland, and the emissions were a byproduct of such manufacturing.
 {¶ 16} Ashland argues that the only remaining claims in the McBrayer lawsuit are allegations of Beaver's negligence, and section 8.4 of the Agreement provides that Beaver accepted sole responsibility for personal injury, and Beaver agreed to defend, indemnify and hold harmless Ashland in connection with or arising out of Beaver's negligence.
 {¶ 17} The meaning of a written agreement is to be ascertained from the language of the agreement. Blosser v.Enderlin (1925), 113 Ohio St. 121, paragraph one of the syllabus. The construction and interpretation of a written contract to determine whether the terms are ambiguous and, thus, require extrinsic evidence to ascertain its meaning is a question of law. Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241.
 {¶ 18} In this case, the McBrayer complaint alleged negligence, an intentional tort, intentional, negligent, wanton, reckless and flagrant misconduct in releasing numerous irritating, hazardous and toxic dusts, chemicals, pollutants and contaminants and negligent and intentional infliction of serious emotional distress. The McBrayers sought compensatory damages, punitive damages, attorney fees, expert fees and costs. The language of section 8.3 of the Agreement requires Ashland to defend Beaver against "all" claims as a result of personal injury "in connection with, or arising from the formulae, specifications and instructions" furnished by Ashland The language of section 8.3 is not ambiguous. Although very broad language, it is clear that Ashland is required to defend Beaver against all claims in connection with or arising from the formulae, specifications or instructions. "All" claims includes the McBrayer claims, including negligence. Ashland argues that, pursuant to section 8.4 of the Agreement, Beaver has a duty to defend Ashland against claims involving Beaver's negligence. While that is true, Ashland is not a party to the McBrayer action and does not require defense. The issue before us is whether Ashland has a duty to defend Beaver. The Agreement provides reciprocal duties to defend and the responsibility to defend Beaver falls upon Ashland pursuant to section 8.3 of the agreement.[2] Thus, the trial court did not err in finding that Ashland's duty to defend was triggered by some of the allegations in the McBrayer complaint, sustaining Beaver's partial motion for summary judgment, and denying Ashland's motion for summary judgment. Ashland's assignment of error is not well-taken.
 {¶ 19} For the foregoing reasons, Ashland's assignment of error is overruled, Beaver's motion to dismiss is withdrawn, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Klatt and Watson, JJ., concur.
[1] Isoset adhesive is a resin-type material with some fillers. (W.S. Beaver depo. at 11.)
[2] Even if, as Ashland argues, pursuant to section 8.4 of the Agreement, Beaver is responsible for defending itself against its own negligence, Ashland's duty to defend was triggered by the other claims in the McBrayer complaint. Ashland now argues that all claims except negligence have been dismissed, but the duty to defend arose upon the filing of the complaint.